PETERSON, Judge.
The husband, Pierre Parent, appeals an order awarding to his wife, Jeanne C. Parent, temporary support of $1,800 per month and an arrearage of $21,600. The arrearage was awarded because the trial court made the award retroactive to the time the petition for dissolution containing a request for temporary relief was filed.
The husband is 61 years old, has not worked for the last three years of this seven year marriage, and receives monthly installment checks of $3,700 from the sale of a dry-cleaning business that was owned by him at the time the parties were married. He claims expenses of $3,900 per month including a $430 child support payment for a 14 year old child of a previous marriage.
The wife, Jeanne C. Parent, is 62 years old, formerly worked in her husband’s dry-cleaning business, before it was sold, and earned $7,700 between January 1, 1996 and May 23, 1996, while working for a third party. It is claimed that she is now permanently disabled with cancer. She currently lives in the former marital home that is debt-free, and the husband, after the filing of this action, agreed to the redemption of a joint certificate of deposit so that she could purchase an automobile for $14,000. In addition, she has, according to the husband, withdrawn $16,000 to $18,000 from the joint bank accounts.
The wife has indicated that she had monthly expenses of $1,982, a retirement account valued at $57,000 and an interest in the parties’ joint bank accounts that total $87,-000.[1] The husband’s financial affidavit indicates gross income of $3,275.22 [2] per month less income taxes of $463.40 and child support of $430.25. His net income of $2,381.57 appears to be exhausted by his claimed living expenses totaling $3,900 per month.
The transcript of the hearing and the order awarding temporary relief explains the trial judge’s decision to award $1,800 per month plus $180 per month to reduce an arrearage of $21,600. The judge appears to have concluded that the receivable due from the sale of the dry-cleaning business was jointly owned by the parties, that the payment on the receivable was $3,700 per month, and that the husband had shared none of the payments with the wife since their separation. Because neither the wife nor the husband appears to have any other current income, the trial court concluded the *147 wife required a source for meeting her monthly expenses. The receivable, with a substantial amount still due, was viewed as a reasonable source.
While we agree with the trial court’s decision to award the wife temporary support and that the use of the receivable was the most logical means to achieve this end, we do find the amount of the award to be excessive given the husband’s inability to pay the same. Blankenship v. Blankenship, 673 So.2d 918, 919 (Fla. 2d DCA 1996) (“the temporary award exceeds the husband’s ability to pay, and, therefore, constitutes an abuse of discretion on the part of the trial court”). His expenses may have been overstated and, indeed, disbelieved in part by the trial court, but the wife is living in a residence that has already been paid for, has recently purchased a ear with joint funds, and the husband, unlike the wife, has a child support expense of over $400 per month. Additionally, we note the retroactive award of support fails to take into account the income the wife earned in the first five months of 1996 before her illness. Accordingly, the trial court’s order is vacated and this cause remanded for further proceedings consistent with this opinion.
ORDER VACATED; REMANDED.
GRIFFIN, C.J., concurs.
HARRIS, J., concurs with result only.

. Evidence presented at the hearing reflects that the joint bank accounts and the retirement accounts are currently unavailable for the parties' use.

. The record does not contain facts allowing reconciliation of this amount with the $3,700 monthly receipt discussed supra. The husband asserts that the jointly held note, which provides this monthly receivable, is his separate property and that he created the joint tenancy solely for estate planning purposes. That issue, of course, will be resolved in the final judgment.